IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RANDY D. SANFORD**                                                                      **PLAINTIFF**

v.                                                         CAUSE NO. 1:14CV392-LG-RHW

**JACOBS TECHNOLOGY, INC.**
**and JOHN DOES 1-10**                                                 **DEFENDANTS**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JACOBS TECHNOLOGY INC.'S PARTIAL MOTION TO DISMISS

BEFORE THE COURT is the [4] Partial Motion to Dismiss filed by Defendant Jacobs Technology Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6) in this diversity action.  Jacobs moves the Court to dismiss Plaintiff Randy D. Sanford's claims for (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; and (3) punitive damages.  The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be granted in part and denied in part.

Sanford has conceded dismissal of his negligent infliction of emotional distress claim.  Furthermore, the Court is of the opinion that Sanford's allegations do not rise to the level of actionable intentional infliction of emotional distress under Mississippi law, but will afford Sanford's request for a reasonable time to amend his Complaint, as discussed herein.  Finally, the Court finds that dismissal of Sanford's punitive damages claim is not appropriate at this stage.

### BACKGROUND

Sanford is a former Jacobs employee.  According to allegations in the complaint Jacobs "provides maintenance services and support at a NASA test site

located in Hancock County, Mississippi." (Compl. 2 (¶5), ECF No. 3). These services include "maintain[ing] the government fleet of cars and buses located at NASA." (*Id.* (¶6)). Sanford "worked at NASA in the car fleet . . . ." (*Id.* (¶7)). He claims that he witnessed a third party using one of the government vehicles for personal use, which is a violation of federal law. Sanford further alleges that after he reported the alleged misuse to his supervisor, Marla Carpenter, Carpenter "threatened [his] job and livelihood, stating to [him], 'I can get a general helper to do your job.'" (*Id.* at 2-3 (¶¶ 11, 15)).

Sanford's report of vehicle misuse ultimately led to an FBI investigation, culminating in an FBI report that was critical of the managers at Jacobs, including Carpenter. Sanford states that Carpenter terminated him in January 2014 in retaliation for his reporting of a federal crime. His Complaint against Jacobs includes claims for wrongful discharge, negligent infliction of emotional distress, and intentional infliction of emotional distress. He also requests an award of punitive damages as a separate claim. Jacobs has moved to dismiss all claims, except for the wrongful discharge claim.

Sanford does not oppose dismissal of his negligent infliction of emotional distress claim, but argues that he has stated cognizable claims for intentional infliction of emotional distress and for punitive damages. Alternatively, he contends that the Court should grant him leave to amend his Complaint.

## DISCUSSION

"Under the Rule 12(b)(6) standard of review, this court accepts 'all well-

pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (citation omitted). "A claim may not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Nottingham v. Richardson*, 499 F. App'x 368, 372 (5th Cir. 2012) (citation omitted). The parties agree that Sanford's claims are all governed by Mississippi law.

**Negligent Infliction of Emotional Distress**

Sanford concedes that his negligent infliction of emotional distress claim is precluded by the Mississippi Workers' Compensation Act, but asks that the Court dismiss the claim without prejudice. Sanford does not provide any legal authority or argument as to why the Court should do so, especially where the law is clear that any negligence claim by him would be barred. *See, e.g.*, *Miles v. Raycom Media, Inc.*, No. 1:09cv713-LG-RHW, 2010 WL 3419438, at *3 (S.D. Miss. Aug. 26, 2010). Accordingly, the Court will dismiss this claim with prejudice.

**Intentional Infliction of Emotional Distress**

"Generally, 'meeting the requisites of a claim for intentional infliction of emotional distress is a tall order in Mississippi.'" *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011) (citation omitted). "[A] plaintiff must show that the defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency." *Senseney v. Miss. Power Co.*, 914 So. 2d 1225, 1230 (Miss. Ct. App. 2005). "A claim for intentional infliction of emotional distress will not ordinarily lie

for mere employment disputes." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001). "Only in the most unusual cases does the [alleged] conduct move out of the realm of an ordinary employment dispute into the classification of extreme and outrageous . . . ." *Brown v. Inter City Fed. Bank for Sav.*, 738 So. 2d 262, 265 (Miss. Ct. App. 1999) (allegations of age discrimination insufficient for intentional infliction of emotional distress). Mississippi courts generally limit recognition of such a cause of action in a workplace environment "to cases involving a pattern of deliberate, repeated harassment over a period of time." *See Lee*, 797 So. 2d at 851 (citation omitted).

As a matter of law, and accepting as true that Carpenter threatened Sanford's job and then terminated him in retaliation for reporting a violation of federal law, the Court finds that the alleged conduct does not rise to the level of actionable intentional infliction of emotional distress under Mississippi's high standard for such claims. *See, e.g.*, *Grice v. FedEx Ground Package Sys., Inc.*, 925 So. 2d 907, 913 (Miss. Ct. App. 2006) ("Liability for intentional infliction of emotional distress does not extend to mere threats."). This is not a case involving a patently racial slur, as in *Jones v. Fluor Daniel Services Corp.*, 959 So. 2d 1044 (Miss. 2007), on which Sanford relies. Sanford's allegations taken as a whole do not demonstrate a pattern of deliberate, repeated harassment over a period of time. *See Lee*, 797 So. 2d at 851. However, the Court will dismiss this claim without prejudice to Sanford to file an Amended Complaint, as discussed below.

**Punitive Damages**

Jacobs argues that Sanford's claim for punitive damages does not meet the *Twombly-Iqbal* pleading standards because Sanford has merely engaged in a formulaic recitation of the elements of that claim.  The Court disagrees.  Sanford has made specific allegations regarding one of Jacobs' managers, including an allegation that the manager retaliated against him for reporting a federal crime.  While Sanford may not ultimately be entitled to punitive damages, this Court's "task is not to weigh evidence at the motion to dismiss stage." *Doe v. Robertson*, 751 F.3d 383, 389 (5th Cir. 2014).  Based on the allegations in his Complaint, the Court cannot say that it is beyond doubt that Sanford could prove no set of facts which would entitle him to punitive damages under Mississippi Code § 11-1-65.  Accordingly, the Court denies Jacobs' Motion seeking dismissal of Sanford's punitive damages claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Partial Motion to Dismiss filed by Defendant Jacobs Technology Inc. is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff Randy D. Sanford's claim for negligent infliction of emotional distress is **DISMISSED WITH PREJUDICE**.  Plaintiff's claim for intentional infliction of emotional distress is **DISMISSED WITHOUT PREJUDICE**.  The Motion is denied in all other respects.  Should he choose to do so, Plaintiff must file his Amended Complaint within 14 days of this Order.

**SO ORDERED AND ADJUDGED** this the 19th day of December, 2014.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE