IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| RANDY D. SANFORD | PLAINTIFF |
| v. | CAUSE NO. 1:14CV392-LG-RHW |
| JACOBS TECHNOLOGY, INC. and JOHN DOES 1-10 | DEFENDANTS |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT JACOBS TECHNOLOGY INC.

BEFORE THE COURT is the [29] Motion for Summary Judgment filed by Defendant Jacobs Technology Inc. pursuant to Federal Rule of Civil Procedure 56. The Court previously dismissed Plaintiff Randy D. Sanford's state law claims for negligent and intentional infliction of emotional distress. Jacobs now requests that the Court dismiss Sanford's sole remaining claim for wrongful discharge pursuant to Mississippi state law on the ground that such claim is preempted by Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) (hereinafter "Section 301").[1] Jacobs argues that "[b]ecause Sanford's termination was 'inextricably intertwined' with the seniority and layoff provisions of the [applicable] collective bargaining agreement, Sanford's wrongful discharge claim . . . is preempted by federal labor law." (Def's. Mem. 1-2, ECF No. 30). Sanford has opposed the Motion on multiple grounds, and Jacobs has filed a Reply.

---

[1] That section states, in pertinent part: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The Court has considered the submissions of the parties and the applicable law and finds that the Motion should be denied because Sanford's claim for wrongful discharge is not inextricably intertwined with the applicable collective bargaining agreement, and, thus, preemption does not apply.

## BACKGROUND

Sanford is a former Jacobs employee. According to the allegations of his Complaint, Jacobs "provides maintenance services and support at a NASA test site located in Hancock County, Mississippi." (Compl. 2 (¶5), ECF No. 3). These services include "maintain[ing] the government fleet of cars and buses located at NASA." (*Id.* (¶6)). Sanford "worked at NASA in the care fleet . . . ." (*Id.* (¶7)). He claims that he witnessed a third party using one of the government vehicles for personal use, which is a violation of federal law. Sanford further alleges that after he reported the possible misuse to his supervisor, Marla Carpenter, Carpenter "threatened [his] job and livelihood, stating to [him], 'I can get a general helper to do your job.'" (*Id.* at 2-3 (¶¶ 11, 15)).

Sanford's report of vehicle misuse ultimately led to an FBI investigation, culminating in an FBI report that was critical of the managers at Jacobs, including Carpenter. Sanford states that Carpenter terminated him in January 2014 in retaliation for his reporting of a federal crime. Jacobs denies this allegation and states that it terminated Sanford "as a result of NASA's directives in April 2013 and January 2014 to eliminate taxi services at" the NASA site where Sanford worked. (*See* Def's. Mem. 12, ECF No. 30). Jacobs further contends that it terminated

Sanford in accordance with the collective bargaining agreement (CBA) between Jacobs and the International Association of Machinists and Aerospace Workers, which CBA the parties agree covered Sanford's employment with Jacobs.

Jacobs has moved for summary judgment on Sanford's state law claim for wrongful discharge because it argues that the claim "and Jacobs' defense require analysis and interpretation of" the CBA, and specifically the seniority and layoff provisions therein. (*See* Def.'s Mem. 1, ECF No. 30). Thus, Sanford argues that Section 301 preempts the claim, and it must be dismissed.

In response, Sanford states that the Court should deny the Motion under Federal Rule of Civil Procedure 56(d) "because discovery is incomplete, the Defendant possesses documents that Sanford does not have, and Sanford has not had an opportunity to depose Jacobs' management and key witnesses who have knowledge of Sanford's discharge." (Pl's. Resp. 1, ECF No. 38). Alternatively, he opposes summary judgment on the ground that his wrongful discharge "claim is not pre-empted because it does not require the Court to interpret the" CBA. (*Id.*).

## DISCUSSION

The sole issue before the Court to decide at this juncture – whether Sanford's state law claim is preempted by Section 301 – is a question of law. *See Branson v. Greyhound Lines, Inc., Amalgamated Council Ret. & Disability Plan*, 126 F.3d 747, 753 (5th Cir. 1997). As discussed below, the Court is of the opinion that no additional discovery is needed to dispose of the preemption issue. However, the Court is also of the opinion that Jacobs' Motion should be denied and that discovery

3

in this action should proceed.

*Sanford's Rule 56(d) Request*

If a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may[,]" *inter alia*, defer ruling on the motion or deny it to allow for additional discovery. *See* Fed. R. Civ. P. 56(d). Sanford argues that certain documents to be obtained through discovery "will substantiate [his] claim that he was discharged for reporting criminal activity." (*See* Pl's. Opp. Mem. 7, ECF No. 39). He makes a similar claim with respect to taking depositions. (*See id.* at 8). He also spends an inordinate amount of his Response attempting to create a genuine issue of material fact surrounding his wrongful termination claim.

However, the only issue currently before the Court is whether Sanford's wrongful discharge claim is preempted, not whether there is a genuine issue of material fact surrounding his claim that his discharge was retaliatory. At this point in the proceedings, the Court will not opine one way or the other whether there are genuine issues of material fact surrounding the motive(s) for Sanford's termination.[2] Accordingly, the Court finds that none of the additional discovery

---

[2] While Jacobs argues in its Reply that none of the additional discovery requested by Sanford is relevant to the preemption issue, it then states that Sanford has failed to create a genuine issue of material fact regarding the actual reasons for his termination. Jacobs cannot have it both ways. Again, at this stage of the proceedings, the Court is only deciding the preemption question. For this reason, the Court finds that Jacobs' generalized objections to the Affidavit filed by Sanford are moot. Even so, the Court had no reason to consider Sanford's allegations in Paragraph 21 of his Affidavit, with which Jacobs takes specific issue.

Sanford claims he needs is germane to the Court's decision whether his claim is preempted.

*Preemption*

"[S]ection 301 preemption occurs when resolution of a dispute is substantially dependent upon analysis of the terms of [a] collective bargaining agreement." *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1089 (5th Cir. 1991) (citation, quotations marks, and emphasis omitted). A state law claim will not be preempted, even when it is intertwined with a CBA, so long as the claim is not *inextricably* intertwined with it. *See id.* "Indeed, either party may use a CBA to support the credibility of its claims." *Id.*

"To determine if adjudicating the claim requires interpreting the terms of a CBA, a court is required . . . first to analyze the elements of the tort at issue." *Id.* In this action, to state a wrongful discharge claim, Sanford must show that he was "terminated because of (1) refusal to participate in illegal activity or (2) reporting the illegal activity of his employer to the employer or anyone else." *See Hust v. Forrest Gen. Hosp.*, 762 So. 2d 298, 301 (Miss. 2000); *see also McArn v. Allied Bruce Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993). "Under Mississippi law, in order to sustain a claim of retaliatory discharge for reporting the illegal acts of an employer, a plaintiff must establish <u>some causation</u> between the reporting of the alleged misconduct and the decision process resulting in the discharge." *Dismuke v. City of Indianola*, 32 F. App'x 126, *4 (5th Cir. 2002)(emphasis added).

The Court has reviewed the cases cited by Jacobs in support of its position, and has also considered Jacobs' arguments attempting to distinguish the workers' compensation cases cited by Sanford. However, given the similar causation standard, the Court is of the opinion that Sanford's claim of retaliatory discharge based on reporting of illegal activity is akin to a retaliation claim based on filing a workers' compensation claim.[3] Therefore, the Court finds the cases cited by Sanford more persuasive.

Here, as in the workers' compensation context, the issue is whether "retaliation was among the reasons" for which Sanford was dismissed. *See Jones*, 931 F.2d at 1090. Jacobs "may have had other reasons, even reasons which the CBA justified, for dismissing" Sanford. *See id.* "But if retaliation was a factor, then for purposes of [the wrongful discharge claim], an interpretation of the CBA is not inextricably intertwined with the state-law claim." *See id.* "As this court has earlier noted, however, we do not require the CBA to be irrelevant to the dispute; either party may still use the CBA to support the credibility of its claims." *Id.* (internal citation omitted).

Jacobs argues that the Court will have to interpret the seniority and layoff

---

[3] Jacobs argues that the standard for Sanford's wrongful discharge claim is but-for causation, but the Court finds no support for this proposition under Mississippi law. Indeed, in the case relied on by Jacobs, the Fifth Circuit noted that "to sustain a claim of retaliation the Mississippi Supreme court requires that a plaintiff establish *some* causal link between a report of wrongdoing made by the employee and the decisionmaker's discharge of that employee." *Dismuke*, 32 F. App'x 126, at *4 n.9 (emphasis added).

provisions of the CBA to decide Sanford's claim.  The Court is of the opinion that Jacobs has stretched this argument too far.  The ultimate determination will be whether Jacobs was motivated by retaliation or by budgetary concerns and a directive from NASA to eliminate taxi services.  Whether Jacobs correctly followed the seniority and layoff provisions in the CBA in doing so may be tangentially relevant, but it does not make the CBA inextricably intertwined with the state law claim such that that claim is preempted altogether.  *See, e.g.*, *Trevino v. Ramos*, 197 F.3d 777, 780 (5th Cir. 1999); *see also generally Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988).

## CONCLUSION

For all the reasons discussed herein, the Court is of the opinion that Plaintiff Randy D. Sanford's wrongful discharge claim under Mississippi state law is not inextricably intertwined with the collective bargaining agreement.  Thus, that claim is not preempted by Section 301 of the Labor Management Relations Act.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Motion for Summary Judgment filed by Defendant Jacobs Technology Inc. is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of June, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE