IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RANDY D. SANFORD**      **PLAINTIFF**

v.      **CAUSE NO. 1:14CV392-LG-RHW**

**JACOBS TECHNOLOGY, INC.**
**and JOHN DOES 1-10**      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [111] Motion for Summary Judgment filed by Defendant Jacobs Technology Inc., pursuant to Federal Rule of Civil Procedure 56. The Court previously dismissed Plaintiff Randy D. Sanford's state law claims for negligent and intentional infliction of emotional distress. Jacobs now requests that the Court dismiss Sanford's sole remaining claim for wrongful discharge pursuant to Mississippi state law. Having considered Jacobs' Motion, the parties' submissions, and relevant law, the Court is of the opinion that the Motion should be granted because there is no genuine issue of material fact with respect to Jacobs' stated reason for Sanford's termination.

### BACKGROUND

Sanford is a former Jacobs employee. According to the allegations of the Complaint, Jacobs "provides maintenance services and support at a NASA test site located in Hancock County, Mississippi." (Compl. 2 (¶5), ECF No. 3). These services include "maintain[ing] the government fleet of cars and buses located at NASA." (*Id.* (¶6)). Sanford worked for Jacobs at NASA as a Chauffeur.

Sanford claims that in May 2013, he witnessed a third party – identified as Laverne Kendrick – using one of the government vehicles for personal use, which is a violation of federal law. Sanford reported the possible misuse of the vehicle to his supervisor, Marla Carpenter. He alleges that at the time of his reporting, Carpenter "threatened [his] job and livelihood, stating to [him], 'I can get a general helper to do your job.'" (*Id.* at 2-3 (¶¶ 11, 15); *see also* Pl.'s Aff. 1 (¶10), ECF No. 115-2).

Nonetheless, Carpenter conveyed Sanford's report to Jacobs' security, who began investigating. Ultimately, however, the Office of Inspector General (OIG) took charge of and completed the investigation, culminating in an OIG report issued August 9, 2013.[1] Sanford claims that the report "cast a bad light on Jacobs' management for failing to maintain control over the vehicles it was responsible for." (Pl.'s Aff. 2 (¶19), ECF No. 115-2; *see also* Compl. 3 (¶¶ 17-18), ECF No. 1). As a result, Sanford alleges that Carpenter terminated him in January 2014 in retaliation for his reporting of a federal crime. (*See* Compl. 3 (¶19)).

Jacobs denies this allegation and states that Sanford was laid off "pursuant to a reduction in force compelled by [NASA's] elimination of funding for certain services provided by Jacobs due to the United States Congress' approval of sequestration and significant cuts to NASA's budget." (*See* Def.'s Mem. 1, ECF No.

---

[1] Sanford claimed in his Complaint that the matter was investigated by the FBI, but there is no FBI report, only the OIG report. The OIG report has been submitted at several places in the record, including by Sanford. (*See, e.g.*, ECF No. 115-8).

112). It further contends that "when it became clear that funding for his position would not be restored, Sanford was laid off according to the negotiated procedures of the Collective Bargaining Agreement that governed his position."[2] (*See id.*). Jacobs has moved for summary judgment on Sanford's sole remaining claim for wrongful termination pursuant to Mississippi state law.

## THE LEGAL STANDARD

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). If the movant carries this burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25.

A plaintiff's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and quotation marks omitted). The plaintiff "must come forward

---

[2] Jacobs states that Sanford was laid off as opposed to terminated. For ease of reference, the Court will refer to Sanford's termination throughout.

with specific facts showing that there is a genuine issue for trial. Conclusory statements in an affidavit [or other sworn testimony] do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment." *Lechuga v. S. Pac. Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1992).

While the Court is obligated to resolve factual controversies in favor of the non-moving party, it must only do so when there is an actual controversy, "that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. The Court will not, in the absence of proof, assume that the non-moving party could or would prove the necessary facts. *Id.*

## THE APPLICABLE MISSISSIPPI LAW

"Mississippi adheres to the common law doctrine of employment-at-will." *Senseney v. Miss. Power Co.*, 914 So. 2d 1225, 1228 (Miss. Ct. App. 2005). "Pursuant to this doctrine, either the employer or the employee may terminate the employment relationship at-will unless the parties are bound by an employment contract or a contract providing for a term of employment." *Id.* "It has been recognized that this doctrine means that an employer may terminate an employee at any time for a good reason, a wrong reason, or no reason at all." *Id.*

There is no dispute that Sanford was an at-will employee of Jacobs. Sanford argues that he may nevertheless maintain his wrongful termination claim pursuant to the "illegal activity" exception to the common law doctrine of employment-at-will.

4

Specifically, the Mississippi Supreme Court, in *McArn v. Allied-Bruce Terminix Co.*, 626 So. 2d 603 (Miss. 1993), "established a public policy exception to the doctrine, allowing an employee fired for refusing to follow the employee's directive to do illegal activity or for exposing illegal activity in the workplace to bring a wrongful termination action." *See Senseney*, 914 So. 2d at 1228. It is the second prong – exposing illegal activity – which Sanford urges here.

For summary judgment purposes, Jacobs concedes that Sanford reported illegal activity related to Kendrick's inappropriate use of a government vehicle.[3] Therefore, to prove his wrongful termination claim under Mississippi law, Sanford "must establish some causation between the reporting of the alleged misconduct and the decision process resulting in the discharge." *See Dismuke v. City of Indianola*, 32 F. App'x 126, *4 (5th Cir. 2002) (citing *Hust v. Forrest Gen. Hosp.*, 762 So. 2d 298, 301-02 (Miss. 2000)). Summary judgment is appropriate "where the court [i]s unable to determine that the decision maker was aware of the report of

---

[3] The parties dispute whether Sanford alleged and proved illegal conduct by Jacobs, as opposed to a third party (Kendrick). *See McArn*, 626 So. 2d at 607 (exception to employment-at-will doctrine applies where an employee "is discharged for reporting illegal acts *of his employer*") (emphasis added). Sanford argues that "the crime in question was the illegal use of [a] vehicle by Laverne Kendrick through Jacobs' employee, Sheila Blair." (Pl's. Mem. 6, ECF No. 116); *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 358 (Miss. 2008) (Mississippi law "permit[s] a retaliatory discharge claim for discharge in retaliation for reporting a co-employee's illegal acts that relate to the employer's business"). Jacobs contends that Sanford never made any allegations related to Blair until his summary judgment opposition. The Court need not reach this issue, however. As discussed in more detail herein, even accepting as true that Sanford alleged and proved illegal conduct by a Jacobs' employee, Jacobs is still entitled to summary judgment.

5

illegal activity and, even if the decision maker [was] aware, there [i]s no evidence to show that the decision to terminate was based on the complaint[]." *See Crabb v. Wal-Mart Stores, Inc.*, No. 1:11cv44-SA-DAS, 2012 WL 4092427, at *14 (N.D. Miss. Sept. 17, 2012).

## DISCUSSION

Jacobs argues that there is no genuine issue of material fact with respect to the causation element of Sanford's claim. Jacobs points to evidence that Samantha Johnson, then-Jacobs' Human Resources Manager, made the decision to terminate Sanford's employment, and that "[b]oth Johnson and Carpenter testified that Carpenter was merely informed of the decision to lay off Sanford and that she was not involved in that decision." (Def.'s Mem. 21, ECF No. 112).

Johnson testified that Sanford's Chauffeur position was eliminated in April 2013 pursuant to a NASA directive to eliminate Taxi Services, but that Carpenter "requested and received permission from NASA to keep Sanford on temporarily to help with [an] increased workload in the hope that funding for his position would be restored." (Johnson Decl. 5 (¶23), ECF No. 111-1; *see also* Johnson Dep. 69:1-71:19 ("Jacobs took a risk by keeping Mr. Sanford employed with work he could perform in hopes that NASA would come and fund the position as they had historically for other areas where they had reduced in the past . . . . So it was hopeful that the work would be funded again.")). She further testified that in January 2014, when she received a second directive from NASA reiterating the instruction to eliminate Taxi Services, that she "determined that Jacobs could no longer afford to continue

6

employing Sanford when it was clear funding for his position would not be restored." (Johnson Decl. 6 (¶¶ 28-29), ECF No. 111-1). Thus, she decided that budgetary concerns and NASA's directive necessitated laying off Sanford, and she informed Carpenter of this decision. (*See id.* at 7 (¶¶ 30-32)).

Sanford does not address Jacobs' contention that Johnson was the sole decision maker, and has not come forward with any evidence to rebut this assertion. Thus, the evidence is undisputed that Johnson was indeed the sole decision maker. (*See* Johnson Dep., at 109:23-25, ECF No. 111-2; *see also* Carpenter Dep. Vol. 2, at 30:5-6, ECF No. 111-8); *see, e.g.*, *Little*, 37 F.3d at 1075 (once a defendant has met its summary judgment burden, the plaintiff "must come forward with specific facts showing there is a genuine issue for trial"). Sanford's Complaint allegation that Carpenter terminated him cannot overcome summary judgment. *See Abarca*, 404 F.3d at 940 (a plaintiff may not rest upon mere allegations in his complaint, but must set forth specific facts showing the existence of a genuine issue for trial).

Moreover, while Sanford claims that *Carpenter* threatened his job in May 2013, he has no evidence that anyone but Johnson made the termination decision eight months later in January 2014. (*See* Pl's. Dep. Vol. 1, at 87:17-20, ECF No. 111-4; Pl's. Dep. Vol. 2, at 59:21-62:25, ECF No. 111-9) (Sanford does not know if Carpenter had the power to terminate his employment or played any role in his termination; he does not know who was involved in the termination decision)). He has not offered any evidence that the decision by *Johnson* was based on anything

other than her genuine belief that Sanford's position would no longer be funded.[4] Sanford's disagreement with Johnson's decision is not a basis for denying summary judgment since he has no evidence that the decision was based on his report of illegal activity eight months earlier. *See, e.g.*, *Senseney*, 914 So. 2d at 1228 ("an employer may terminate an employee at any time for a good reason, a wrong reason, or no reason at all").

Furthermore, Johnson has not created a genuine issue of material fact – or even argued – that Carpenter (or anyone else) influenced Johnson's decision, *i.e.*, was the "cat's paw" behind the decision. While the Court has not located Mississippi law regarding "cat's paw" issues, the Court finds Title VII law informative in this context. In particular, "[t]he Fifth Circuit has held that 'in determining whether an adverse employment action was taken as a result of retaliation, the court's focus is on the final decisionmaker.'" *Smith v. Potter*, 629 F. Supp. 2d 644, 656 (S.D. Miss. 2009) (citation and brackets omitted). "Yet, while the focus is on the ultimate decisionmaker, a plaintiff can make out a *prima facie* case by showing that other employees, with discriminatory motives, had influence or leverage over the official decisionmaker." *Id.* (citation and quotation marks omitted).

Sanford has failed to do this. For example, he testified:

---

[4] Neither party addressed whether Johnson even had knowledge of Sanford's reporting of illegal activity. Even assuming that she did, Sanford has not come forward with evidence that the report played any role in Johnson's decision after she received a second directive from NASA.

> Q: Okay. 'Cause you think Marla Carpenter is the person who's responsible for your layoff, correct?
>
> A: I think she was responsible for the layoff and everything else involved, yes, sir.
>
> Q: And you don't know who decided about your layoff, correct?
>
> A: I just know that the coincidence.
>
> Q: Okay. My question was: You don't know who was involved –
>
> A: No sir, I don't know.
>
> Q: – in selecting you for layoff, correct?
>
> A: No, sir.

(Pl's. Dep., Vol. 2, at 200:3-16, ECF No. 111-9; *see also, e.g.*, Pl.'s Dep., Vol. 2, at 60:1-24, ECF No. 115-1). However, Sanford's speculation that Carpenter was somehow responsible for his termination is insufficient to avoid summary judgment. *See, e.g.*, *Sanches v. Carrollton Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011) ("Conclusional allegations and denials, speculation, and unsupported assertions are insufficient to avoid summary judgment."). Similarly, his affidavit statement that he was "laid off . . . for reporting criminal activity of Laverne Kendrick and Sheila Blair, which cast Jacobs' management in a bad light for its inability to control its vehicles[,]" (Jacobs. Aff. 2 (¶21), ECF No. 115-2), is conclusory and does not create a genuine issue of material fact. *See, e.g.*, *id.*; *see also Little*, 37 F.3d at 1075; *Lechuga*, 949 F.2d at 798.

In short, there is no actual evidence to show that Johnson's decision to terminate in January 2014 was based on Sanford's alleged reporting of illegal

9

activity in May 2013 or was influenced by anyone or anything other than the lack of funding for Sanford's position. *See, e.g.*, *Crabb*, 2012 WL 4092427, at *14; *see also Little*, 37 F.3d at 1075 (the Court will not, in the absence of proof, assume that the plaintiff could or would prove the necessary facts). Accordingly, summary judgment in favor of Jacobs is appropriate. *See Dismuke*, 32 F. App'x at *4 ("a plaintiff must establish some causation between the reporting of the alleged misconduct and the decision process resulting in the discharge").

Finally, both parties have submitted extensive argument and evidence related to a November 2013 incident involving the pick-up of a vehicle from Slidell, Louisiana, by Sanford and another Jacobs employee. The Court does not find these submissions relevant to Sanford's only remaining claim of wrongful termination. He has not made a hostile work environment or similar claim. Even so, Sanford argues that the incident shows retaliatory intent on the part of Carpenter and another employee, Edith Thomas. Again, however, he has failed to create a genuine issue of material fact that Carpenter, Thomas, or anyone else participated in or otherwise influenced Johnson's termination decision.

## CONCLUSION

Plaintiff Randy Sanford has failed to carry his summary judgment burden to show that there is a genuine issue of material fact warranting a trial in this action.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [111] Motion for Summary Judgment filed by Defendant Jacobs Technology Inc. is **GRANTED**. Plaintiff Randy Sanford's sole remaining claim for wrongful termination pursuant

to Mississippi state law is **DISMISSED WITH PREJUDICE**. A separate Final Judgment will be issued.

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE